IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL A. LLAVONA-SANTOS, et al.,<br><br>**Plaintiff(s)**<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, et. al.<br><br>**Defendant(s)** | **CIVIL NO.** 09-1807 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D. J.

Pending before the court is the Commonwealth of Puerto Rico, Ivan Gonzalez-Cancel, Department of Health of the Commonwealth of Puerto Rico, and Jaime O. Rivera's ("Defendants") Motion to Dismiss (Docket No. 21) and Manuel A. Llavona-Santos, Jorge Santiago-Roman, Jorge Santiago, Inc., Augusto E. Feliciano-Ramirez, Alimentos de Bebe, Inc., and JF Pro Administration Services, Inc.'s ("Plaintiffs") Opposition to the Motion (Docket No. 27).  For the reasons discussed below, the Court **DENIES** Defendants' Motion to Dismiss.  Further, we find that this Court lacks subject matter jurisdiction over this case and **REMANDS** to the state court for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs in this action are owners, operators, shareholders, and/or officers of businesses which operate in Puerto Rico under the Special Supplemental Nutrition Program for Women, Infants, and

Civil 09-1807 (JAG)                                                           2

Children ("WIC").  Defendants are responsible in various capacities for the state-level administration and management of the WIC program.  (Docket No. 10).

On August 6, 2009, a Complaint was filed in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, alleging that Defendants are subjecting potential WIC vendors to an arbitrary and capricious selection process.  Plaintiffs allege that this process contravenes their constitutional rights of due process and equal protection of the law as well as Puerto Rico's Uniform Administrative Procedures Act ("UAPA").  (Docket No. 10).

The Department of Health ("DOH") initially published Regulation No. 7568 in September 2008, which established selection criteria for WIC vendors, but then revoked the regulation in July 2009.  In the absence of governing state regulation, the DOH then attempted to invoke specific federal regulations regarding WIC to fill the regulatory gap, but the regulations invoked do not contain policies or guidelines which effectively fill that gap.  Plaintiffs complain that in the ongoing absence of principles to guide the DOH in appointing vendors, any such selection process is necessarily arbitrary and capricious, in violation of constitutional guarantees of due process and equal protection.  The Complaint, grounded in state law claims and submitted at the state court level, does not specify which constitution gives rise to those guarantees.  (Docket No. 10).

Civil 09-1807 (JAG)                                                  3

    Updated criteria for the vendor selection process were proposed, and the period to comment on them was to remain open until August 26, 2009. However, the DOH's deadline for vendors to submit their applications remained August 10. Plaintiffs sought injunctive relief to stay the application deadline until after the formulation of official policies regulating it. (Docket No. 10).

    Defendants then filed a Notice of Removal to the Federal District Court for the District of Puerto Rico on August 14, 2009. Defendants claim to meet the subject matter jurisdiction requirement by reading the Complaint to challenge the DOH's "interpretation" of the federal regulation that establishes states' responsibilities under federal WIC guidelines, as well as implicating federal constitutional guarantees of due process and equal protection. (Docket No. 1).

    Plaintiffs then filed a Motion opposing the Notice of Removal, on the grounds that the Complaint only alleges state claims and seeks only remedies under state law, and that no federal question jurisdiction exists. (Docket No. 7).

    On November 2, 2009, Defendants filed the present Motion to Dismiss. In it, Defendants allege that more recent actions by the DOH render the Plaintiffs' Complaint moot. (Docket No. 21). Plaintiffs oppose this Motion, claiming that their issue is not moot and that there is no subject matter jurisdiction over this case, the absence of which prevents the Court from deciding the

Civil 09-1807 (JAG)                                                    4

Motion to Dismiss.  (Docket No. 27).

## DISCUSSION

   Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, the plaintiff is still the master of his own claim and is generally permitted to "avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

   Despite Defendants' desire to recast the claims made in the Complaint as invoking federal regulatory and constitutional provisions, the "well-pleaded complaint rule" precludes the exercise of federal question jurisdiction if no federal claim appears within the four corners of the Complaint. See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997); Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936).  This Court, confronted with a question of subject matter jurisdiction must review the Complaint not on the merits, but to determine whether the Court would have had original jurisdiction of the case had it been filed in federal court. 28 U.S.C. § 1441(b).  In the absence of subject matter jurisdiction over this case, the Court must remand the case to the state courts.  28 U.S.C. § 1447(c). See Armstrong v. Armstrong, 508 F.2d 348, 350 (1st Cir. 1974).

   Defendants, in their Notice of Removal, aver that the original Complaint makes claims under both the Puerto Rico and federal

Civil 09-1807 (JAG)                                                           5

constitutions, as well as under the federal regulations which establish vendor eligibility for the WIC program.  Such a reading of the Complaint is insupportable.  The Complaint seeks relief entirely under the UAPA, articulating a deprivation of due process and equal protection in the administration of the state WIC program in violation of state-established procedures for the promulgation of state regulations.  There is no reason to believe that the Complaint intimates a federal constitutional claim, rather than a state constitutional claim. Plaintiffs, as masters of their claim, prevented federal jurisdiction by relying exclusively on state law claims.  See Caterpillar, 482 U.S. at 392.

 The Complaint does discuss the federal regulatory mandate that states implement their own procedures for specific aspects of their state-run WIC programs.  This discussion, however, relates entirely to Plaintiffs' assertion that the DOH dutifully followed the law in enacting a 2008 regulation, and cannot be the basis for any of the claims at issue in the Complaint.

 Defendants also wish to cast the Complaint as attacking the DOH's "interpretation" of federal regulations.  Rather, what the Complaint argues is that the DOH created a regulatory void by revoking Regulation No. 7568, which it tried to fill, not by promulgating original regulations, but by adopting federal regulatory language as the state's own, albeit in contravention of the UAPA.  The federal regulation chosen to be copied did not

Civil 09-1807 (JAG)                                                6

address all aspects of the void meant to be filled.  It is the remaining state regulatory gap which Plaintiffs challenge, and its lack of consistency with state UAPA requirements.  Plaintiffs made no claims within the four corners of their Complaint invoking any federal law, and as such this Court has no subject matter jurisdiction to proceed with this case.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss and **REMANDS** the case to the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, for further proceedings. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of June, 2010.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge